UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JHONDYS A. GONZALEZ SILVA,

                Petitioner,                Case No. 1:26-cv-1403

v.                                       Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24–25.)

In an order entered on April 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on May 5, 2026. (ECF No. 4.) Petitioner filed a reply on May 5, 2026. (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 4-1, PageID.68.) Petitioner entered the United States on May 8, 2023, at an unidentified location without inspection. (Form I-213, ECF No. 4-2, PageID.77.) On or about May 9, 2023, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*) On May 19, 2023, Petitioner was removed from the United States to Mexico pursuant to an expedited order or removal. (*Id.*, PageID.75, 77.)

On or about July 26, 2023, DHS agents encountered and arrested Petitioner at the Paso Del Norte Port of Entry in El Paso, Texas. (*Id.*, PageID.77.) Petitioner was released from DHS custody on October 17, 2023. (*Id.*) On January 12, 2024, an Immigration Judge in the El Paso Immigration Court ordered that Petitioner be removed to Venezuela *in absentia*. (Jan. 2024 Order Immigration Judge, ECF No. 4-3, PageID.79–80.) Because the hearing was held *in absentia*, Petitioner did not reserve the right to appeal, and the removal order became final that day.[1]

On February 26, 2026, DHS mailed Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-1, PageID.68, 69.) On April 21, 2026, ICE agents encountered and arrested Petitioner. (Form I-213, ECF No. 4-3,

---

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

PageID.75–76.) On April 29, 2026, an Immigration Judge in the Detroit Immigration Court granted DHS's motion to dismiss the pending removal proceedings because Petitioner already had a final order of removal. (Apr. 2026 Order Immigration Judge, ECF No. 4-4, PageID.83.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Respondents present evidence that indicates Petitioner received an order of removal to Venezuela on January 12, 2024, which is administratively final. (Jan. 2024 Order Immigration Judge, ECF No. 4-3, PageID.79–80; Apr. 2026 Order Immigration Judge, ECF No. 4-4, PageID.83.) Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process),

3

the date the alien is released from detention or confinement." *Id*. § 1231(a)(1)(B)(i)–(iii). An order

of removal "shall become final upon the earlier of . . . a determination by the Board of Immigration

Appeals affirming such order; or . . . the expiration of the period in which the alien is permitted to

seek review of such order by the Board of Immigration Appeals." *Id*. § 1101(a)(47)(B)(i)–(ii).

After the 90-day removal period has expired, a noncitizen may continue to be detained. *See*

8 U.S.C. § 1231(a)(6). The Supreme Court has held that after expiration of the 90-day removal

period, the Government may continue to detain the noncitizen "for a presumptively reasonable

period" of time, which the Supreme Court concluded equaled six months. *Zadvydas*, 533 U.S. at

701. "Although the Supreme Court established a six-month period of presumptively reasonable

detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the

reasonableness of his detention before such time." *See, e.g., Munoz-Saucedo v. Pittman*, 789 F.

Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Hoang

Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451

F. Supp. 3d 703, 707 (S.D. Tex. 2020). That is, during the six-month period of detention, "[t]he

presumption of reasonableness is the default," and "the government bears no burden to justify

detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can

overcome that presumption." *Munoz-Saucedo*, 789 F. Supp. 3d at 397 (citations omitted).

Here, as noted above, Petitioner received an order of removal on January 12, 2024, which

became final at that time. (Jan. 2024 Order Immigration Judge, ECF No. 4-3, PageID.79–80.)

Therefore, the 90-day removal period following the order expired before Petitioner filed the

present action. See 8 U.S.C. § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date

the order of removal becomes administratively final.").

4

Petitioner has been detained less than six months. Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 2, 2026                        /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE